**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000680
17-MAY-2019
08:00 AM**

NO. CAAP-17-0000680

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, BY AND THROUGH ITS ATTORNEY GENERAL
CLARE E. CONNORS[1], Plaintiff-Appellant,
v.
MICHAEL KAHAPEA, Defendant-Appellee,
STATE OF HAWAI'I EMPLOYEES' RETIREMENT SYSTEM,
Garnishee-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-2145)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

On October 19, 2000, Defendant-Appellee Michael Kahapea
(Kahapea) was convicted of various crimes relating to his
defrauding the City and County of Honolulu out of large sums of
money. Kahapea's sentence included fines in the amount of
$365,000, of which Kahapea has paid $50 to date. On November 23,
2016, Plaintiff-Appellant State of Hawai'i, by and through its
Attorney General (the State) filed a Complaint in the Circuit
Court of the First Circuit (circuit court),[2] seeking to collect

---

[1]     Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 43(c)(1)
(2012), Clare E. Connors, the current Attorney General of the State of Hawai'i is
automatically substituted as Plaintiff-Appellant herein in place of Douglas S.
Chin.

[2]     The Honorable Karen T. Nakasone originally presided over this
matter. On April 7, 2017, the matter was reassigned to the Honorable Keith K.
Hiraoka.

the fines.[3]  On August 29, 2017, the circuit court entered its Final Judgment in favor of Kahapea and against the State.

The State now appeals from the Final Judgment. Specifically, the State challenges the June 9, 2017 "Order Denying Plaintiff State of Hawai'i's Motion for Summary Judgment (Filed Feb. 2, 2017)" (Order Denying State's MSJ), the July 11, 2017 "Order Denying Plaintiff State of Hawai'i's Non-Hearing Motion for Leave to File First Amended Complaint (Filed June 20, 2017)" (Order Denying State's Motion to Amend), and the August 16, 2017 "Order Granting Defendant Michael Kahapea's Motion for Summary Judgment Against Plaintiff State of Hawaii for All Claims and Relief Requested in the Complaint, Filed November 23, 2016, Filed on July 20, 2017" (Order Granting Kahapea's MSJ).

On appeal, the State contends that the circuit court erred in: (1) failing to address the State's claim for conversion of Kahapea's criminal fines into a civil judgment separately from the State's claim to pursue garnishment of Kahapea's Employee Retirement System (ERS) pension; (2) denying the State's motion for leave to amend its Complaint; and (3) granting Kahapea's motion for summary judgment and entering a final judgment that dismissed the State's claims with prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's points of error as follows.

The State does not appeal the circuit court's ruling that Hawaii Revised Statutes (HRS) § 88-92 (2012) does not allow garnishment of a former public employee's retirement benefits to recover fines imposed as part of a criminal sentence.  Rather, the State contends that the circuit court erred in treating the issue of garnishment of retirement benefits as dispositive of the State's entire motion for summary judgment.  We review the

---

[3]    The single count in the State's Complaint was captioned "Count I: Civil Enforcement of Criminal Order for Restitution."  However, in Kahapea's criminal proceedings, the circuit court (the Honorable Reynaldo D. Graulty presided) did not impose restitution.  Further, the prosecution's motion to convert the fines into restitution was likewise denied. Based on the facts pleaded in the Complaint, the State clearly sought payment of the outstanding fines, rather than any restitution.

circuit court's denial of the State's motion for summary judgment *de novo*. Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

In denying the State's motion for summary judgment, the circuit court briefly discussed the fact that HRS § 706-644 (Supp. 1997) generally allows for a criminal fine to be collected in the same manner as a judgment in a civil action.[4] However, the circuit court denied the State's entire motion for summary judgment solely on the basis of the garnishment of retirement benefits issue and did not separately address the State's right to collect the fine by other means.

We first address whether the State properly raised two separate claims. The State contends that it brought this action to pursue two discrete claims for relief: (1) conversion of the criminal fines into a civil judgment; and (2) garnishment of Kahapea's ERS pension. The State's Complaint contained a single count in which the State pleaded that the State was entitled to enforce the criminal fines as a civil judgment and that the State is authorized to file a claim to pursue garnishment against Kahapea's government retirement benefits.[5] Despite pleading only

---

[4]     Specifically, the circuit court stated:

At the time relevant to this case, HRS § 706-644(6) provided:

> Unless discharged by payment or service of imprisonment in default of a fine, a fine may be collected in the same manner as a judgment in a civil action.

One of the civil remedies available to a judgment creditor is garnishment under HRS Chapter 652 or, where the judgment debtor is a government beneficiary, HRS Chapter 653. In this case, the State seeks to garnish Kahapea's state civil service retirement benefits to collect the fines imposed in the criminal case.

(Footnote omitted).

[5]     Specifically, Count I of the State's Complaint stated:

15.     Plaintiff is entitled to enforce the Judgment as a civil judgment and use civil post-judgment remedies to collect the fines.

16.     Under HRS §706-644(5), ". . . an order to pay a fee, <u>fine</u>, or restitution, whether as an independent order, as a part of a judgment and sentence, or as a condition of probation or deferred plea pursuant to Chapter 853, <u>may be collected in the same manner as a judgment in a civil action</u>." (Emphasis Added).

3

one count in its Complaint, it is evident that the State was pleading two separate claims. The State's decision to plead the two separate claims in the same count does not render the pleading insufficient. See Hawai'i Rules of Civil Procedure (HRCP) Rule 8(e)(2) (2000) ("A party may set forth two or more statements of a claim or defense . . . either in one count or defense or in separate counts or defenses."). With regard to the State's claim for conversion into a civil judgment, the Complaint included "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks[,]" as required by this jurisdiction's adherence to the notice pleading standard. HRCP Rule 8(a); see Bank of America, N.A. v. Reyes-Toledo, 143 Hawai'i 249, 428 P.3d 761 (2018). The State therefore sufficiently pleaded both its request for garnishment of retirement benefits and its request for conversion of the criminal fines to a civil judgment.

These two discrete claims for relief are also reflected in the State's motion for summary judgment, which expressly requested that the circuit court: "(1) enter a money judgment in favor of the State and against Defendant Kahapea for nine hundred fifty five thousand four hundred forty two and 11/100 dollars ($955,442.11)[6] and (2) enter an order for issuance of a

_____

17. Since criminal courts do not have jurisdiction over post-judgment civil proceedings, HRS §706-644 and HRS §706-647 allows a victim to use civil post-judgment remedies to collect a judgment.

18. Upon information and belief, Defendant Kahapea receives government retirement benefits of the type described in HRS Chapter 88.

19. Plaintiff is authorized under HRS §88-92 to file a claim to garnish any person entitled to the moneys mentioned in HRS §88-91 so long as Plaintiff has reason to believe that person has "embezzled, stolen or otherwise unlawfully taken, received, retained or failed properly to account for, any property or funds belonging, and which have not been returned or repaid, to the State or any county or any department, bureau, board, or other agency thereof . . ."

20. HRS §88-92 provides that the State must file a complaint and summons to pursue garnishment against a government retirement benefits recipient.

6        The $955,442.11 figure constituted the State's calculation of the criminal fines plus costs and interest accrued.

garnishment summons in favor of the State and against Defendant Kahapea for garnishment of [Kahapea's retirement benefits.]"

We next address whether the issue of conversion is legally independent of the issue of garnishment of retirement benefits. Conversion of the criminal fines into a civil judgment would allow the State to use all of the attendant civil collection remedies to collect the fines imposed on Kahapea. Garnishment of Kahapea's retirement benefits was only one such civil remedy. The State's inability, as a matter of law, to pursue a claim for garnishment of Kahapea's retirement benefits does not preclude the State from pursuing other civil remedies for collection of the unpaid fines, pursuant to a civil judgment. Therefore, the issue of converting Kahapea's criminal fines into a civil judgment was separate from and should not have been disposed of by the garnishment of retirement benefits issue. Accordingly, we conclude that the circuit court erred in denying the State's motion for summary judgment solely on the issue of garnishment of Kahapea's retirement benefits without addressing the State's claim for conversion of the criminal fines into a civil judgment.

At the time relevant to this case, HRS § 706-644(6) (Supp. 1997) allowed the State to collect criminal fines in the same manner as a judgment in a civil action. In explaining the purpose behind Act 137, which added subsection (6) to HRS § 706-644 and amended HRS chapter 291C (state traffic code) in 1996, the legislature stated:

> The purpose of this bill is to provide for the collection of criminal fines in the same manner as a judgment in a civil action.
>
> Specifically, this bill amends the state traffic code by enacting a new section that provides that fines may be collected in the same manner as a judgment in a civil action, . . . and that the Attorney General may institute proceedings to collect the fine . . . as a civil judgment in the court of appropriate jurisdiction. The bill also amends section 706-644, Hawaii Revised Statutes, . . . by adding similar language to that penal code section[.]

S. Stand. Comm. Rep. No. 2987, in 1996 Senate Journal, at 1363. The only way for the courts to effectuate the legislative directive in HRS § 706-644(6) and allow a fine to be collected in the same manner as in a civil action is to establish a

collectable civil judgment. Thus, as a matter of law, the State was entitled to seek a civil judgment to collect the criminal fines and the circuit court erred when it denied summary judgment in favor of the State on this claim.

We further conclude that the circuit court erred in failing to allow the State to amend its Complaint. The circuit court denied the State's motion for leave to amend its Complaint because "the proposed amendment . . . would be futile." The circuit court stated: "Since the State's proposed first amended complaint still seeks only to garnish the amount of Kahapea's unpaid fines, and not any of the $1.7 million illegally obtained by Kahapea, the State's motion to amend is DENIED." The State contends that amendment of its Complaint would not have been futile because the State's proposed amended complaint would have clarified its separate and discrete claim for conversion of Kahapea's criminal fines into a civil judgment. We agree. In reviewing the circuit court's Order Denying State's MSJ and Order Denying State's Motion to Amend, it is evident that the circuit court erroneously treated both the State's Complaint and motion for summary judgment as seeking only one form of relief (garnishment of retirement benefits) when the State had in fact also sought relief in the form of a separate civil judgment. We therefore conclude that the circuit court abused its discretion in denying the State leave to amend its Complaint. See Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

In light of our conclusion that the circuit court erred in denying the State's motion for summary judgment and the State's motion to amend its Complaint, we further conclude that the circuit court also erred by granting Kahapea's motion for summary judgment and entering final judgment against the State, dismissing all of the State's claims with prejudice.

For the foregoing reasons, we vacate the June 9, 2017 "Order Denying Plaintiff State of Hawaii's Motion for Summary Judgment (Filed Feb. 2, 2017)"; the July 11, 2017 "Order Denying Plaintiff State of Hawai'i's Non-Hearing Motion for Leave to File First Amended Complaint (Filed June 20, 2017)"; the August 16,

6

2017 "Order Granting Defendant Michael Kahapea's Motion for Summary Judgment Against Plaintiff State of Hawaii for All Claims and Relief Requested in the Complaint, Filed November 23, 2016, Filed on July 20, 2017"; and the August 29, 2017 Final Judgment. We remand this case to the Circuit Court of the First Circuit with instructions for the circuit court to enter a civil judgment in favor of the State for the relevant criminal fines, pursuant to HRS § 706-644.

DATED:   Honolulu, Hawai'i, May 17, 2019.

On the briefs:

Lyle T. Leonard,
Deputy Attorney General,
for Plaintiff-Appellant.

Richard Naiwieha Wurdeman,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge